# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

MICHAEL BAIRD,

      Petitioner,

v.                              CASE NO:  8:06-cv-1368-T-30TBM

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

      Respondents.

_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1).  The Court has considered the petition, Respondents' response (Dkt. #15) and Petitioner's reply (Dkt. #18). This matter is now before the Court for consideration on the merits.

## BACKGROUND

On December 7, 2000, Petitioner was charged by Information in Case Number 00 CF 2946 of grand theft, and in Case Number 00 CF 3035 of burglary of conveyance and grand theft.  On March 29, 2001, Baird entered a plea of *nolo contendere* to all charges, with the agreed sentence of three years probation with a ten-year suspended habitual offender sentence.

Baird violated his probation in October, 2002, for which there was a hearing.  It is this hearing and this violation of probation ("VOP") charge that Baird challenges at this time. Immediately after the hearing, on May 8, 2003,  the court found and adjudicated Baird guilty and sentenced him according to the original plea agreement to ten years in the Department of Corrections as a habitual felony offender, with credit for time served.

Baird then appealed to the Second District Court of Appeal, which affirmed his judgment and sentence on February 20, 2004.  See  Baird v. State, 871 So.2d 218 (Fla. 2d DCA 2004).  On March 21, 2005, Baird filed a *pro se* motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850, in which he raised fourteen claims of ineffective assistance of counsel (Dkt. #15, Ex.7).  On January 6, 2006, the state trial court summarily denied all of Petitioner's claims (id., Ex. 10).  Baird appealed this adverse ruling, and on June 9, 2006, the Second District Court of Appeal filed a *per curiam* unwritten opinion affirming the denial of postconviction relief.  Baird v. State, 937 So.2d 129 (Fla. 2d DCA 2005).  Baird filed a motion for rehearing en banc, which was denied by the appellate court on August 30, 2006, and the mandate issued September 15, 2006.

Baird delivered the instant petition to prison authorities for mailing on July 13, 2006 (Dkt. #1).  This timely petition contains substantially the same fourteen ineffective assistance of counsel claims that were raised in the rule 3.850 motion for post-conviction relief.  Baird claims that he is entitled to relief from his 2003 VOP conviction, raising fourteen claims of relief, *verbatim*:

1.      Counsel was ineffective by failing to object to perjured testimony by State's witness Christopher Gray denied Petitioner a fair hearing.

2.      Counsel was ineffective for failing to use depositions of State's witness (Gray) to impeach, witness made several prior inconsistent statements.

3.      Counsel was ineffective for failing to object when State failed to correct false testimony of State's witness.

4.      Counsel was ineffective for failing to suppress the testimony of State's witnesses in violation of 5th, 6th, 14th Amendment U.S. Const.

5.      Counsel was ineffective for failing to object and move to dismiss the violation of probation due to State's destruction of evidence, violation 5th, 6th, 14th U.S. Const. Amend.

6.      Counsel was ineffective for failing to object to the conviction for violation of probation based on fundamental error of the court.

7.      Counsel was ineffective for failing to object to reversible error by convicting petitioner of a crime not charged.

8.      Counsel was ineffective for failing to depose and have the arresting officer present at the VOP hearing.

9.      Counsel was ineffective for failing to object to hear-say evidence used to obtain conviction for violation of probation.

10.     Counsel was ineffective for failing to object to continuance and secure petitioner's Constitutional Right to Trial by Jury.

11.     Counsel was ineffective by failing to object to Habitual Sentence where petitioner was not properly sentenced as a Habitual Offender.

12.     Counsel was ineffective for failing to file motion to disqualify Judge.

13.     Counsel was ineffective for failing to investigate in order to properly prepare a defense.

14.     Counsel was ineffective for failing to protect and secure petitioners constitutionally guaranteed speedy trial rights.

In response, Respondent concedes that the Petition is timely, but asserts that Petitioner failed to fails to meet the threshold requirements for relief under 28 U.S.C. § 2254 (d) and (e) (Dkt. #15).   Having carefully reviewed the record, applicable statutes, and controlling case law, and being duly apprised of the arguments presented by the parties, for reasons set forth *infra*, this Court agrees that Petitioner is not entitled to habeas relief.

## Standard of Review

Petitioner's convictions were entered after AEDPA was enacted, so the instant petition is subject to the provisions thereof.   Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).   Because a state court initially considered the issues raised in the petition and entered a decision on the merits, § 2254(d) governs the review of Baird's claims. See  Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003); Mobley v. Head, 267 F.3d 1312, 1316 (11th Cir. 2001); Penry v. Johnson, 532 U.S. 782, 792 (2001).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

  (2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in
the State court proceeding.

28 U.S.C. § 2254(d).  <u>Price v. Vincent</u>, 538 U.S. 634, 638-39 (2003); <u>Clark v. Crosby</u>, 335

F.3d 1303, 1308 (11th Cir. 2003).  Even where a state court denies an application for post-

conviction relief without written opinion, in this circuit that decision is entitled to the same

deference as if the state court had entered written findings to support its decision. <u>See</u> <u>Wright</u>

<u>v. Sec. of Dep't of Corrs.</u>, 278 F.3d 1245, 1255  (11th Cir. 2002).  Additionally, a state

court's factual finding is presumed to be correct, and a petitioner must rebut the presumption

of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

**Standard for Ineffective Assistance of Counsel Claims**

   Baird's ineffective assistance of trial counsel claims must be reviewed under the two

elements set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  To establish a prima

facie claim of ineffective assistance of counsel, Petitioner must show that counsel's

performance was deficient and that the deficient performance prejudiced the defense.

<u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  Deficient performance is performance

which is objectively unreasonable under prevailing professional norms.  <u>Id.</u> at 688.  Prejudice

results where there is a "reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different."  <u>Id.</u> at 694.  "[T]he issue is not what

is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'"

<u>Chandler v. United States</u>, 218 F.3d 1305, 1313 (11th Cir. 2000)(en banc)(quoting <u>Burger v. Kemp</u>, 483 U.S. 776 (1987)).

In this case, the state court's denial of Baird's ineffective counsel claims is neither contrary to, not an unreasonable application of, the <u>Strickland</u> standard.  This court will address these claims in turn below, relying primarily upon the factual findings and legal conclusions of the state court in its thorough and well-reasoned order denying post-conviction relief.

## **DISCUSSION**

### **Ground One**

Petitioner makes three arguments based on alleged inconsistencies between the testimony of the State's main witness, Christopher Gray ("Mr. Gray"), during his deposition and the VOP hearing.  In Ground One, Petitioner argues that his trial counsel was ineffective for "failing to object to perjured testimony by State's witness Christopher Gray" at the VOP hearing (Dkt. #1 at 6).  Petitioner asserts that "had counsel objected, the judge would [have] see[n] the witness was not being truthful and likely dismissed the violation" (<u>id.</u>).

This assertion is without merit.   The examples given by Petitioner were not contradictory.  Judge Gilner explicitly addressed these allegations in his order denying post-conviction relief, finding Mr. Gray's statements "consistent," not contradictory or perjurious (<u>id.</u>, Ex. 1, at 3).  Clearly, had counsel objected, Judge Gilner would not have "dismissed the violation," since he considers Mr. Gray's statements consistent.  For example, Judge GIlner noted that "'[i]n his left hand . . . I could tell it was a chainsaw' does <u>not</u> contradict 'I saw

in his left hand a chainsaw clearly'" (id. at 5)(emphasis in original).  Thus, Baird has failed

to meet the prejudice prong of Strickland and is not entitled to relief on this ground.

### Ground Two

Baird asserts in Ground Two that his counsel was ineffective in failing to impeach Mr.

Gray during the VOP hearing with these "inconsistent" statements from his deposition

testimony (Dkt. #1 at 7).  Again, since the state court determined that Mr. Gray's statements

are consistent, this claim does not entitle Baird to relief.

### Ground Three

Next, Baird claims that it was the State's responsibility to correct these "inconsistent"

statements of Mr. Gray, and that its failure to do so denied him due process (id.).  Baird also

argues that his trial counsel was ineffective for not objecting after the State failed to correct

Mr. Gray's "false testimony" (id. at 9).  As noted in the two previous sections, since the state

post-conviction court correctly found Mr. Gray's statements consistent, this ground also fails.

### Ground Four

In Ground Four Baird faults his trial attorney for not suppressing the testimony of Mr.

Gray after he made "several false statements" (id. at 10).  This claim has been addressed in

the previous sections, and on those grounds is denied.  Additionally, Baird asserts his

attorney was ineffective for not suppressing witness testimony about evidence that was

"deliberately destroyed" by the arresting officer, and about the involvement of Officer

Hartman, who was not present at the VOP hearing (id.).  In support, Baird suggests "[t]he

absence of Petitioner's fingerprints on this alleged chainsaw that don't exist would have been

the key factor" in exonerating him (Dkt. #2 at 50).

As discussed *infra*, this Court rejects Baird's claim that his counsel was ineffective for failing to challenge the State's "destruction" of the chain saw.  Likewise, his claim that counsel should have moved to suppress Mr. Gray's testimony because of the absence of the chain saw is denied.

As noted by the state court in the order denying Baird's 3.850 motion, a motion to suppress "raises the issue of the legality of a search and seizure of evidence." State v. Rees, 587 So.2d 649, 650 (Fla. 5th DCA 1991).  Testimony by a witness based on personal knowledge is not subject to suppression merely because a piece of evidence independent of the witness's personal knowledge is not entered.  See Fla. R. Crim. P. 3.190(h)(I).  Thus, the state court's denial of Baird's claim on this ground was objectionably reasonable, and Baird is not entitled to relief on this ground.

**Ground Five**

Next, Baird alleges his "counsel was ineffective for failing to object and move to dismiss the violation of probation [charge] due to [the] State's destruction of evidence," referencing the chain saw (Dkt. #1 at 12).  His violation offense was burglary of a conveyance and grand theft for having stolen a chain saw.   After making the arrest, the officer returned the chain saw to the owner.  Petitioner alleges that the chain saw would not have contained his fingerprints, and was therefore exculpatory (id.).  Baird also argues that his due process rights were violated when  his due process rights were violated when Officer Hartman "destroyed, by giving away, material exculpatory evidence" (id.).  These allegations

are similar to the ones made in Baird's rule 3.850 motion, which were properly denied by the

trial court.

In its order denying postconviction relief, the trial court noted that:

"[U]nless a criminal defendant can show bad faith on the part of the police,
failure to preserve potentially useful evidence does not constitute a denial of
due process of law." Arizona v. Youngblood, 488 U.S. 51, 58 (1998). . . .

"If the trial court is unable to determine whether the evidence would be
exculpatory, a due process violation arises only if there is a finding of bad faith
in the failure to preserve the evidence." State v. Daniels, 699 So.2d 837. 838
(Fla. 4th DCA 1997). See State v. Bock, 659 So.2d 1196, 1199 (Fla. 3rd DCA
1995). "[B]ad faith exists only when police intentionally destroy evidence
they believe would exonerate a defendant," and "the presence or absence of
bad faith . . . must necessarily turn on the police's knowledge of the
exculpatory value of the evidence at the time it was lost or destroyed."
Guzman v. State, 868 So.2d 498, 509 (Fla. 2004), *citing and quoting*
Youngblood, 488 U.S. at 57.[fn 4]

> [fn 4] It is on this basis that the Defendant's claim that the
> officer "lied" on the probable cause affidavit has no bearing on
> this issue. Even assuming that the officer was not being truthful
> [on the] probable cause affidavit . . . such a statement has
> nothing to do with whether the officer knew that the chain saw
> had exculpatory value. The Defendant's claim on this ground
> is denied.

"Evidence that has not been examined or tested by government agents does not
have 'apparent exculpatory value' and thus cannot form the basis of a claim
of bad faith destruction of evidence." Id.

(Dkt. #1, Ex. 1, at 6-7)   The state court found that there was no evidence

demonstrating the evidentiary value of the saw or showing that Officer Hartman deliberately

relinquished the chain saw because he knew it would exonerate Baird (id.)  Thus, the state

court denied Baird's motion, stating this it is "impossible to determine the inculpatory or

exculpatory value of the chain saw"  (id., at 7-8).  The State court's factual findings are

presumed correct due to the lack of clear and convincing evidence to the contrary, thus,

Baird's defense counsel was not ineffective for failing to move to dismiss the charges based on the "destruction" of the chain saw.

**Ground Six**

In Ground Six, Baird claims his defense counsel was ineffective for "failing to object to the conviction for violation of probation based on fundamental error of the court" (id. at 14). In support, Baird insists that the state court erred because the VOP charge was not supported by "competent evidence" (id.). Baird argues that the State produced no evidence that he "was involved in a crime[,] other than the false[,] contradictory testimony" of Mr. Gray (Dkt. #2 at 59). Baird is not entitled to relief on this ground for the reasons stated in the order denying post-conviction relief.

"The trial court has broad discretion in determining whether there was a willful and substantial violation of a condition of probation and whether the violation is supported by the greater weight of the evidence." Hill v. State, 890 So.2d 485, 486 (Fla. 5th DCA 2004). The credibility of witness testimony at a VOP hearing is entirely within the province of the trial court. Id. at 487; see Marcano v. State, 814 So.2d 1174, 1176 (Fla. 4th DCA 2002)(whether VOP has been proven by State is a "question of fact for the trial court"). At the VOP hearing, the state court heard from the State's witnesses and the Petitioner. The court found Mr. Gray and the other State witnesses more credible than Baird (Dkt. #1, Ex. 1, at 9), and therefore revoked Baird's probation. Since Baird has not presented clear and convincing evidence to rebut the state court's credibility findings, Baird's petition is denied as to this ground.

**Ground Seven**

Next, Baird claims he is entitled to relief because his counsel failed to object to the state court's "reversible error by convicting Petitioner of a crime not charged" in the affidavit of violation of probation (id.). In support, Baird states: "Petitioner was charged with the crime of Burglary, the Judge stated on the record that Petitioner violated by stealing. Two separate charges under two separate statutes. It is fundamental error to convict on a crime not charged." This claim is refuted by the record, as the trial court explicitly stated at the VOP hearing that it found that the State had "proven that the defendant willfully and substantially violated his probation as alleged in the affidavit." Since there was no error by the state court, Baird had failed to meet the prejudice prong of Strickland.

**Ground Eight**

Baird argues in Ground Eight that his attorney was ineffective for not deposing the arresting officer, Officer Hartman, or having him available for the VOP hearing(id. at 18). In support, Baird proffers: "Officer Hartman listed as Category 'A' witness on State's discovery with relevant conformation to the case. Petitioner informed counsel of several acts of misconduct by officer and was assured by counsel that he would be investigated. Obvious impeachment evidence was available where officer made false statements on probable cause affidavit. Petitioner had a constitutional right to confront the officer, yet counsel failed to depose and have officer present at the hearing" (id.).

Failure to call witnesses can constitute ineffective assistance if the witnesses "may have been able to cast doubt on the defendant's guilt, and the defendant states in his motion

the witnesses' names and the substance of their testimony, and explains how the omission prejudiced the outcome of the trial." Johnson v State, 711 So.2d 1371, 1372 (Fla. 4th DCA 1998). Baird's claim that "[t]he officer's testimony would have revealed that the Petitioner should have never been arrested for this crime" (Dkt. #2 at 65) does not entitle him to relief, as it is only speculation as to what Officer Hartman may have offered as testimony.

Additionally, Baird was not prejudiced. As noted by the trial court in the order denying postconviction relief, "[e]ven assuming that the testimony [Baird] claims his attorney may have elicited from Officer Hartman was favorable to the Defendant, the main reason for such testimony would have been to show that the investigation was not done properly, and to support [Baird's] claim that he did not commit the crime" (Dkt. #1, Ex. 1, at 11). The judge was aware of Baird's alternate theories, since argument and testimony on this subject were presented to the court through Baird and his attorney. Nevertheless, the judge found that Baird committed a violation of his probation, based on the testimony from an eyewitness who identified Baird as the perpetrator (id.). Since the trial court was objectively reasonable in rejecting Baird's ineffective assistance claim on this ground, he is not now entitled to relief. See Phillips v. State, 894 So.2d 28, 28 (Fla. 2004)(finding no error in trial court's failure to hold an evidentiary hearing on a defendant's claim that defense counsel was ineffective for failing to present evidence in mitigation where the record showed that similar mitigation was presented through other witnesses).

**Ground Nine**

In Ground Nine, Baird claims, as he did in his rule 3.850 motion, that his counsel was ineffective for failing to object to hearsay testimony admitted at the VOP hearing (Dkt. #1 at 20). Specifically, he argues that "the evidence was destroyed in this case, and the allegation of misconduct came from a sole witness whose testimony proved to be unreliable. . . . Furthermore both witnesses were allowed to testify about officers involvement when [the] officer was not present at the hearing" (id.). Therefore, Baird argues that these statements by Mr. Vickers and Mr. Gray are inadmissable "hearsay" (Dkt. #2 at 69-71).

The state court addressed this issue in its order denying Petitioner post-conviction relief. Specifically, the state court treated Baird's argument as one regarding a foundation argument, since he relied on § 96.604, Fla. Stat, which provides that "a witness may not testify to a matter unless evidence is introduced which is sufficient to support a finding that the witness has personal knowledge of the matter." The judge recognized that Baird's argument, however, ignored the fact that "[e]vidence to prove personal knowledge may be given by the witness's own testimony" (Dkt. #1, Ex. 1, at 12). Since Mr. Gray and Mr. Vickers testified based on their personal knowledge, this claim has no merit and counsel was not ineffective for failing to raise the issue at trial.

**Ground Ten**

Petitioner claims in Ground Ten his defense counsel was ineffective for "failing to object to continuance and secure Petitioner's constitutional right to a trial by jury" before the VOP hearing (Dkt. #1 at 22). Baird argues that he was denied his right to trial by jury

because his attorney requested a continuance in order to retake depositions that were not recorded the first time (id.). Baird was arrested on October 11, 2002, for the burglary charge under Case Number 02 CF 2769, the same charge that resulted in the VOP charge. The VOP hearing was held before the trial due to defense counsel's request for a continuance, thus, Baird claims he was never "convicted" of the alleged crime or afforded a trial by jury (Dkt. #1 at 22).

Baird seems to ignore the fact that his defense counsel would not have been adequately prepared for trial without the deposition transcripts of Mr. Gray and Mr. Vickers. Thus, Baird's defense counsel was not ineffective, as competent defense counsel would request that these key witnesses be redeposed.

Additionally, Baird's statement that "Judge Gilner and State attorney Steve Viana both knew that a jury would not convict the Petitioner for this crime," thus "without a guilty verdict by a jury, Petitioner[']s probation would not have been revoked" also does not entitle him to relief. As recognized in the order denying post-conviction relief, since the burden of proof for a VOP is lower than the burden of proof in a criminal proceeding, even if Baird had gone to trial and been acquitted, he still could have been found to have violated his probation. See Hill v. State, 890 So.2d 485, 486 n.1 (Fla. 5th DCA 2004)(stating "[a]n acquittal in a criminal case does not preclude a judge from finding a probation violation for the same conduct because the burden of proof in a criminal case is beyond a reasonable doubt, whereas in a probation violation case, it is by a preponderance of the evidence"). Thus, Baird fails to meet the prejudice prong of Strickland and his petition fails on this ground.

**Ground Eleven**

Petitioner claims ineffective assistance in Ground Eleven since "counsel was ineffective by failing to object to habitual sentence where Petitioner was not properly sentenced as a habitual offender" (Dkt. #1 at 24).  In support, Baird offers "[a]lthough Petitioner agreed to the sentence, the proper procedures required by statute were not followed, therefore Petitioner was not properly sentenced as a habitual offender" (id.).

This argument is without merit, as the record demonstrates that Baird specifically agreed to the habitual offender sentence, suspended with three years probation.  On March 29, 2001, the date Baird was originally sentenced, he was offered two alternative plea agreements by the State: (1) probation of three years with a ten-year habitual offender suspended sentence, or (2) a five year cap as a habitual offender and a sentencing hearing. Since Baird specifically acknowledged and agreed to the suspended habitual offender sentence with three years probation, his petition on this ground is therefore denied.

**Ground Twelve**

Baird faults trial counsel in Ground Twelve for failing to file a motion to disqualify Judge Gilner, the judge presiding over Baird's VOP hearing (id. at 26).  This is the same argument Petitioner made in his rule 3.850 motion, that the judge should have been disqualified "due to a close working relationship with petitioner's step-sister[,] with whom Petitioner shares painful and irreconcilable family differences" (id.).  This claim is without merit and is denied.  As noted in the order denying post-conviction relief, "the judicial assistant to whom [Baird's] motion refers is not, was not at the time, and has never been

Judge Gilner's judicial assistant" (id., Ex. 1, at 16).  Thus, Baird's claim is without merit and is denied on this ground.

### Ground Thirteen

In his thirteenth ground, Petitioner complains his attorney did not conduct an adequate pre-trial investigation in order to properly prepare a defense (Dkt. #1 at 28).  Baird claims that his counsel was ineffective for (1) failing to investigate arresting officer Hartman for prior misconduct, (2) failing to investigate Mr. Gray to determine whether he had past problems with people around his home, and (3) failing to call arresting officer Hartman when the State's witnesses were allowed to discuss his involvement in the case (Dkt. #2 at 86-87).

This Court has previously addressed these issues, and therefore denies Baird's claim on this ground.

### Ground Fourteen

Finally, Baird claims his counsel inappropriately waived his right to a speedy trial to retake depositions, but then failed to use those depositions during the trial to impeach the testimony of a State's witness (Dkt. #1 at 30).  Baird states, "[u]nder no circumstances should a person be forced to sit in jail 102 days and never be brought to trial on the accusation" (Dkt. #2 at 30).  This Court has already addressed this issue, and as such Baird's motion is denied as to this ground.

It is therefore ORDERED AND ADJUDGED that:

1.      The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2.      The Clerk is directed to enter judgment in favor of Respondents and against

the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on August 22, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2006\06-cv-1368.deny 2254.wpd*